[Argued November 28; decided December 26, 1893.]

## BLOCH v. MULTNOMAH COUNTY.

[S. C. 35 Pac. Rep. 30.]

JUROR'S FEES — TALESMEN — Code, § 2348. — A talesman summoned on a special venire from the body of the county acts as a juror within the meaning of section 2348, Hill's Code, and is entitled to his fees, if he attends court in obedience to the process, though he does not serve on the jury; it is otherwise with a talesman summoned from the bystanders.

APPEAL from Multnomah:   E. D. SHATTUCK, Judge.

The petition of M. M. Bloch states that upon the trial of a certain cause in the circuit court of the state of Oregon for Multnomah County, said court ordered a special venire to issue for persons to act as jurors in said court and cause; that thereupon a special venire was issued by the clerk to the sheriff commanding him to forthwith summon from the body of the county forty persons having the qualification of jurors in said court, and to make

due return of his acts; that the sheriff, under that authority, served certain persons, and among others one Harry Knott and one J. J. Kadderly, summoning them to appear as jurors; that they did appear, and having been sworn on their *voir dire,* and examined as jurors, were, by order of the circuit court, excused from serving. It is further alleged that they each were required to travel, in order to attend the court, two miles in going and returning, and that accordingly they each were entitled to be paid as fees and mileage for their attendance the sum of two dollars and twenty cents; that the claim has been assigned to the petitioner, Bloch. And for a further ground of petition it is set forth that upon the same venire one William Moreland was likewise summoned and attended the court, and traveled two miles, but was excused without being sworn as a juror in the cause, upon his *voir dire,* or otherwise, and that this claim, also amounting to two dollars and twenty cents, has been assigned to the petitioner. The county court refused to allow the claims when presented on the ground that the persons summoned had not acted as jurors within the meaning of section 2348, Hill's Code. The circuit court having sustained this ruling, the petitioner appeals.

REVERSED.

*Mr. Emmett B. Williams* ( *Messrs. Richard Williams* and *Chas. H. Carey* on the brief), for Appellants.

*Mr. John H. Hall* ( *Messrs. Geo. E. Chamberlain,* Attorney-General, *Wilson T. Hume,* District Attorney, and *Joseph J. Fitzgerald* on the brief), for Respondents.

Opinion by MR. JUSTICE BEAN.

The only question for consideration in this case is whether a person summoned on a special venire from the

body of the county to complete a jury in a case on trial, who attends court in obedience to the process, is entitled to juror's fees under the statute, if he does not serve on the jury. The statute provides that a juror's fees for "attendance upon a court of record" shall be two dollars per day, and that a talesman acting as a juror is entitled to the same per diem as one regularly summoned: Code, § 2348. It will be observed that the law does not require that a talesman shall serve on a jury before he is entitled to the per diem, but that acting as a juror shall be sufficient. The contention for the defendant is that, although a person summoned from the body of the county on a special venire may attend court in obedience to its process, he does not act as a juror unless he is accepted and sworn in the particular case for which he has been summoned. We are unable to concur in this view. The law authorizes the court, if a sufficient number of jurors cannot be obtained from the regular panel, to order the sheriff to summon as many qualified persons as may be necessary to complete the jury, either from the bystanders or the body of the county. When a talesman is thus summoned from the bystanders, it is manifest he can in no sense be said to be acting as a juror unless he is accepted and serves on the jury. His presence in court is his own voluntary act, and not pursuant to any process of the court, nor by its order. He is not deprived of any time, nor caused any loss or damage by simply being called and examined on his *voir dire;* but when he is summoned from the body of the county on a special venire he is compelled to neglect his own private business to attend court as a juror only in obedience to its order, however inconvenient it may be to him, and often at considerable trouble and expense, and when he does so we think he is acting as a juror within the meaning of the law and entitled to compensation as such, although he may not actually serve on the jury.

Citizens are not infrequently summoned on a special venire for jury duty from distant parts of a county, and compelled, at considerable expense and loss of time, to attend court, and there remain until excused, and it is but a matter of simple justice that they should be paid a reasonable compensation for their services. In the absence of an express declaration of the statute, we are unwilling to hold that such persons are not acting as jurors within the meaning of section 2348, and not entitled to compensation as such. The judgment of the court below will therefore be reversed, and the cause remanded.

REVERSED.